UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MICHELLE D. ROTHMAN**,

    *Plaintiff*,

v.

**SN SERVICING CORP.**,

    *Defendant*.

No. 23-cv-22431

**OPINION**

**APPEARANCES:**

| | |
|---|---|
| **Michele D. Rothman**<br>2823 Schooner Lane<br>Hammonton, NJ 08037<br><br>*Pro se* | **Jason Schwartz**<br>FRIEDMAN VARTOLO LLP<br>1325 Franklin Ave, Ste. 160<br>Garden City, NY 11530<br><br>*On behalf of SN Servicing Corporation as Servicer for U.S. Bank Trust N.A. as Trustee of the Cabana Series IV Trust* |

**O'HEARN, District Judge.**

This Matter comes before the Court on an application to proceed *in forma pauperis*, (ECF No. 3) and appeal filed by *pro se* Appellant Michelle D. Rothman ("Appellant") seeking reversal of a decision by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") that granted relief from the automatic stay under 11 U.S.C. § 362(a)(1) to Appellee SN Servicing Corporation ("Appellee"). (ECF No. 1). Appellant has established her financial eligibility to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a) because of her limited income. That request is therefore **GRANTED**. For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's decision.

I. **BACKGROUND**

This Appeal concerns real property located at 2823 Schooner Lane, Township of Mullica, New Jersey (the "Property" or "2823 Schooner Lane"). Appellant's brother Bernard Rothman holds exclusive title to the Property.[1] (ECF No. 8, at 5). On July 20, 2006, Bernard Rothman executed a promissory note in the amount of $417,000.00 (the "Note") secured by the Property and subject to a mortgage (the "Mortgage"). (ECF No. 8, at 4). U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust holds the Mortgage. (ECF No. 8, at 5). Appellee is the servicer for the Mortgage and also possesses the Note. (ECF No. 8, at 4, 9).

The Property has been the subject of state court action and multiple district court and bankruptcy filings by various members of Appellant's family. (ECF No. 8, at 5). On March 25, 2019, Bernard Rothman filed a petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.[2] (ECF No. 8, at 5). The case was converted to a liquidation under chapter 7 of the Bankruptcy Code. (ECF No. 8, at 5).[3] The Bankruptcy Court in that case granted relief from the automatic stay with respect to the Property to a prior holder of the Mortgage.[4] (ECF No. 8, at 2). The district court affirmed on May 24, 2020.[5] (ECF No. 8, at 5). Bernard Rothman received a discharge on September 12, 2019.[6] (ECF No. 8, at 6).

---

[1] Foreclosure Search Report, Ex. E to Mot. for Relief from Automatic Stay, *In re Michelle Rothman*, Bankr. No. 23-15073, ECF No. 77-7 (Bankr. D.N.J. Sept. 26, 2023).

[2] *In re. Bernard Rothman*, Bankr. No. 19-15963 (Bankr. D.N.J. 2019).

[3] Voluntary Conversion, *In re. Bernard Rothman*, Bankr. No. 19-15963, ECF No. 33 (Bankr. D.N.J. April 26, 2019).

[4] Order Vacating Stay, *In re. Bernard Rothman*, Bankr. No. 19-15963, ECF No. 78 (Bankr. D.N.J. July 24, 2019).

[5] Order, *Bernard Andrew Rothman v. Wells Fargo, N.A.*, No. 19-16039, ECF No. 15 (D.N.J. May 24, 2020).

[6] Order Discharging Debtor, *In re. Bernard Rothman*, Bankr. No. 19-15963, ECF No. 120 (Bankr. D.N.J. Sept. 12, 2019).

On November 4, 2019, Appellant's father Ronald Rothman filed a petition for relief under chapter 13 of the Bankruptcy Code and listed 2823 Schooner Lane as his primary address.[7] (ECF No. 8, at 6). His case was later converted to a chapter 7 liquidation,[8] and he received a discharge on June 19, 2020.[9] (ECF No. 8, at 6).

On February 23, 2022, an action was filed in New Jersey Superior Court, Atlantic County seeking foreclosure upon 2823 Schooner Lane (the "Foreclosure Action").[10] (ECF No. 8, at 6). On June 9, 2023, Ronald Rothman filed a Complaint and application to proceed *in forma pauperis* with this Court against Cabana Series IV Trust and various other entities involved in the Foreclosure Action, alleging that the Mortgage was invalid, and the defendants violated federal criminal and civil laws by attempting to collect on it.[11] He subsequently attempted to improperly remove the Foreclosure Action to this Court.[12] On July 21, 2023, the Court dismissed the Complaint under 18 U.S.C. § 1915(e)(2) and remanded.[13] The Third Circuit affirmed.[14]

Appellant filed for relief under chapter 13 of the Bankruptcy Code on June 12, 2023, and her case was subsequently converted to a chapter 7 liquidation. (ECF No. 8, at 6). Appellant listed 2823 Schooner Lane as her address and represented that she owned the Property. (ECF No. 8, at

---

[7] *In re Ronald Rothman*, Bankr. No. 19-30852 (Bankr. D.N.J. 2019).

[8] Voluntary Conversion to Chapter 7, *In re Ronald Rothman*, Bankr. No. 19-30852, ECF No. 43 (Bankr. D.N.J. March 9, 2019).

[9] Order Discharging Debtor, *In re Ronald Rothman*, Bankr. No. 19-30852, ECF No. 59 (D.N.J. June 19 2019).

[10] *U.S. Bank Tr. Nat. Assoc. v. Rothman*, No. F-001484-22 (N.J. Super Ct. Ch. Div. 2022).

[11] Complaint, *Ronald S. Rothman v. Cabana Series IV Tr.*, No. 2-03183, ECF No. 1 (D.N.J. July 6, 2023).

[12] Letter, *Rothman v. Cabana Series IV Tr.*, No. 2-03183, ECF No. 4 (D.N.J. July 6, 2023).

[13] *Rothman v. Cabana Series IV Tr.*, No. 23-03183, 2023 WL 4866359, at *1 (D.N.J. July 31, 2023).

[14] *Rothman v. Cabana Series IV Tr.*, No. 23-2455, 2024 WL 1405393 (3d Cir. 2024). The Third Circuit found it lacked jurisdiction to review remand. *Id.* at *1.

3

6). The automatic stay triggered by this filing stayed the Foreclosure Action .[15] There is a pending motion in the Foreclosure Action to reinstate the foreclosure when the automatic stay is lifted. (ECF No. 8, at 7-8).[16] Appellee has not received any payments on the Mortgage since Appellant filed her petition. (ECF No. 8, at 7).

Appellee filed a Motion for Relief from Stay as to 2823 Schooner Lane on September 26, 2023. (ECF No. 8, at 6).[17] The Bankruptcy Court granted that motion on October 31, 2023.[18] (ECF No. 8, at 6). This appeal followed on Nov. 15, 2023. (ECF No. 1).

## II.   LEGAL STANDARD

District courts have mandatory jurisdiction over appeals from final orders of bankruptcy courts under 28 U.S.C. § 158(a)(1). Courts considering such appeals review "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007) (*quoting In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005)).

## III.   DISCUSSION

Appellant seeks reversal of the Bankruptcy Court's decision to lift the automatic stay as to 2823 Schooner Lane by arguing that Appellee and its counsel engaged in unspecified wrongdoing and corruption. The Court first addresses these allegations, then reviews the Bankruptcy Court's findings that Appellee had standing to seek relief from the stay, and that such relief was warranted.

---

[15] *U.S. Bank Tr. Nat. Assoc. v. Rothman*, No. F-001484-22, Entry on 10/21/22 (N.J. Super Ct. Ch. Div. 2022).

[16] *U.S. Bank Tr. Nat. Assoc. v. Rothman*, No. F-001484-22, Entry on 1/17/2024 (N.J. Super Ct. Ch. Div. 2022).

[17] Motion for Relief from Stay, *In re Michelle Rothman*, Bankr. No. 23-15073, ECF No. 77 (Bankr. D.N.J. Sept. 26, 2023).

[18] Order Granting Motion for Relief from Stay, *In re Michelle Rothman*, Bankr. No. 23-15073, ECF No. 87 (Bankr. D.N.J. Oct. 31, 2023).

### A. Appellant's Allegations of Wrongdoing Fail to Show Any Error in the Decision of the Bankruptcy Court

Appellant alleges that Appellee and its counsel have been harassing her throughout the duration of the litigation in New Jersey Superior Court, (ECF No. 6, ¶ 2), misleading the Bankruptcy Court, (ECF no. 6, ¶ 5, 15), and engaging in unspecified corruption, including violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68. (ECF No. 6, ¶ 7–8, 13, 20).[19] Appellee argues these *ad hominem* attacks do not cast any doubt on the decision below. Appellant provides no support whatsoever for her contentions and fails to specify what, if any, facts or legal conclusions made by the Bankruptcy Court that she challenges in this appeal. Accordingly, to the extent Appellant levies these allegations to challenge the merits of the Bankruptcy Court's decision, she provides no basis from which the Court can conclude that the Bankruptcy Court made any clear error of fact, incorrectly decided any issue of law, or in any way abused its discretion. *In re Am. Pad & Paper Co.*, 478 F.3d at 551. Appellant's allegations thus provide no basis to overturn the decision below.

### B. The Bankruptcy Court Correctly Concluded that Appellee Had Standing to Seek Relief from the Automatic Stay

Appellant argues that "there are serious legal standing issues" in the decision below but provides no support for this conclusory contention. (ECF No. 6, at 3, ¶ 18). Appellee responds that the Bankruptcy Court correctly concluded it had standing by virtue of its possession of the Note and status as servicer to the holder of the Mortgage.

---

[19] Appellant also states that, by virtue of unclear wrongdoing on the part of Appellee, certain rulings of the Foreclosure Action are "unconstitutional and pursuant [sic] to law." (ECF No. 6, ¶ 14). To the extent Appellant intends this argument to challenge any portion of the Foreclosure Action, the Court lacks jurisdiction to review the decisions of the state court. Appellant further makes an unclear argument that appears to concern the Bankruptcy Court's power to intervene in the Foreclosure Action. (ECF No. 6, ¶ 11). Even affording Appellant the deference afforded to *pro se* litigants, the Court cannot comprehend this argument.

"A [bankruptcy] court's decision regarding standing is a legal conclusion subject to *de novo* review." *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 209 (3d Cir. 2011). Only a "party in interest" in a bankruptcy case has standing to challenge the automatic stay. *In re Genrette*, 797 F. App'x 739, 740 n.3 (3d Cir. 2020). "A servicer is a party in interest in proceedings involving loans which it services." *In re Lau*, 684 F. App'x 235, 238 (3d Cir. 2017) (citing *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002). And possession of a promissory note also confers standing on a party with respect to property subject to the note. *Grant-Covert v. Wells Fargo Bank, N.A.*, No. 15-6018, 2016 WL 901081, at *3 (D.N.J. Mar. 9, 2016). Appellee services the Mortgage on behalf of US Bank Trust National Association and also possesses the Note. The Bankruptcy Court thus correctly concluded that Appellee had standing to pursue relief from the automatic stay. *In re Lau*, 684 F. App'x at 238; *Grant-Covert*, 2016 WL 901081, at *3.

**C. The Bankruptcy Court Did Not Abuse its Discretion by Lifting the Automatic Stay**

Appellant urges the Court to "have the stay reinstated," but offers no justification for this relief beyond the allegations discussed herein. (ECF No. 6, ¶ 17). Appellee argues that the Bankruptcy Court correctly concluded that relief from the automatic stay was appropriate because (1) Appellee did not receive post-petition payments on the Mortgage; (2) Appellant has no equity in the Property and the Property is not necessary to a reorganization; and (3) serial bankruptcy filings by members of Appellant's family evince a scheme to hinder creditors.

Relief from the automatic stay is reviewed for abuse of discretion. *In re Marasek*, No. 08-30919, 2015 WL 1799743, at *3 (D.N.J. Apr. 16, 2015) (quoting *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007)). A court abuses its discretion when it relies on "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact" and a decision reviewed under this standard will not be overturned "unless no reasonable person would adopt the lower court's view." *Id.* (citing *In re SGL Carbon Carp.*, 200 F.3d 154, 159 (3d Cir. 1999)) (internal

6

punctuation omitted). Under this standard, the Bankruptcy Court did not abuse its discretion in granting Appellee relief from the automatic stay.

1. The Bankruptcy Court Did Not Abuse Its Discretion in Granting Relief from the Stay on the Grounds that Appellee Has Not Received Post-Petition Mortgage Payments

The automatic stay may be lifted "for cause." 11 U.S.C § 362(d)(1). "[E]vidence of a debtor's post-petition default in mortgage payments . . . establish[es] cause for relief" under section 362(d)(1) and shifts the burden to debtors to provide adequate protection. *In re Donaghy*, No. 18-15459, 2019 WL 1504334, at *3 (Bankr. E.D. Pa. Apr. 4, 2019), aff'd, 2020 WL 2759251 (E.D. Pa. May 28, 2020), aff'd, 853 F. App'x 798 (3d Cir. 2021); *see also In re Stuart*, 402 B.R. 111, 122 (Bankr. E.D. Pa. 2009) (collecting cases). Appellee has not received payment on the Mortgage since Appellant filed her bankruptcy petition, and Appellant has not proposed other adequate protection of Appellee's interest in the property. The Bankruptcy Court's decision to grant relief from the automatic stay on these grounds was not an abuse of discretion. *In re Donaghy*, 2019 WL 1504334, at *3 (granting relief from the automatic stay where the debtor "has not made post-petition monthly payments under the mortgage note and has not proposed any other means of adequately protecting [the creditor's] interest").

2. The Bankruptcy Court Did Not Abuse Its Discretion in Granting Relief form the Stay on the Grounds that Appellant Does Not Have Equity in 2823 Schooner Lane and the Property is Not Necessary to an Effective Reorganization

The automatic stay may be lifted "with respect to . . . an act against property . . . if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). The record shows that Bernard Rothman is the exclusive holder of title to the Property, and Appellant has provided nothing to contradict the record. (Foreclosure Search Report, Ex. E to Mot. for Relief from Automatic Stay, *In re Michelle Rothman*, Bankr. No. 23-15073, ECF No. 77-7). The Bankruptcy Court therefore correctly held

that Appellee met its burden of showing Appellant lacks equity in the property. *In re Rambo,* No. 02-35226DWS, 2004 WL 231011, at *3 (Bankr. E.D. Pa. Jan. 29, 2004) (granting a lift stay motion where the creditor showed debtor had no interest in the property whatsoever). Furthermore, because Appellant's bankruptcy case is now a liquidation under chapter 7 of the Bankruptcy Code, no reorganization will occur, and the Property cannot be necessary to an effective reorganization. *E.g.*, *In re Aulicino*, 400 B.R. 175, 179 n.1 (Bankr. E.D. Pa. 2008) ("The second prong of § 362(d)(2) . . . is not met since this is a Chapter 7 proceeding."). The Bankruptcy Court's decision to grant relief from the automatic stay on these grounds was not an abuse of discretion. *In re Rambo*, 2004 WL 231011, at *4 (finding a debtor "entitled to relief under § 362(d)(2) as the debtor has no equity in the . . . property and the property is not necessary for an effective reorganization . . . .").

   3. <u>The Bankruptcy Court Did Not Abuse Its Discretion in Granting *In Rem* Relief from the Stay on the Grounds that Appellant is Engaged in a Scheme to Hinder Creditors</u>

Bankruptcy courts may grant *in rem* relief from the automatic stay with respect to real property "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). The mere fact of multiple bankruptcy filings affecting a property does not, without more, constitute "scheme" under Section 362(d)(4)(B). *In re Gray*, 558 F. App'x 163, 166 (3d Cir. 2014). Such a "scheme" requires some "level of insidiousness and deceitfulness.'" *In re City of Pittsburgh Prop. Dev., Inc.*, 580 B.R. 130, 134 (Bankr. W.D. Pa. 2018). "[S]erial filings compounded by a lack of payments" and a "tag team approach" to multiple filings by family members may rise to this level. *In re Olayer*, 577 B.R. 464, 469 (Bankr. W.D. Pa. 2017).

Appellant and members of her family have filed three separate bankruptcy petitions claiming to affect 2823 Schooner Lane even though, as discussed herein, *supra*, Bernard Rothman holds sole title to the Property. Appellee has also not received any payments on the Mortgage since Appellant filed her chapter 13 petition. This apparent "tag team approach" by multiple family members and "lack

8

of payments" compounds the family's "serial filings" to indicate they are engaged in a scheme to defraud creditors.[20] *Id.* Furthermore, Appellant falsely represented that she owned the Property upon filing her petition. Such "insidiousness and deceitfulness" provide further evidence of such a scheme. *In re City of Pittsburgh Prop. Dev.,* 580 B.R. at 134. The Bankruptcy Court's decision to grant relief from the automatic stay on these grounds was not an abuse of discretion. *In re City of Pittsburgh Prop. Dev.*, 580 B.R. at 134; *In re Olayer*, 577 B.R at 469.

## IV.    CONCLUSION

For the foregoing reasons, Appellant's request to proceed *in forma pauperis*, (ECF No. 3), is **GRANTED** and the Decision of the Bankruptcy Court is **AFFIRMED**. An appropriate order accompanies this Opinion.

*[signature: Christine P. O'Hearn]*

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[20] While Ronald Rothman's Complaint before this Court and attempted removal of the Foreclosure Action were not bankruptcy filings and are thus not part a "scheme" under Section 362(d)(4), these filings demonstrate an effort on the part of a member of Appellant's family to stymie the Foreclosure Action and weigh toward finding the family's serial filings were themselves part of such a scheme.